UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VALDEZ RUIZ,<br><br>    Petitioner,<br><br>    v.<br><br>G. HANDSCHUMAKER,<br><br>    Respondent.<br>                                             / | 1:12-CV-00619 BAM HC<br><br>ORDER DENYING PETITIONER'S MOTION TO AMEND<br>[Doc. #14]<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

    On March 23, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court challenging his 2009 conviction in Tulare County Superior Court.  He named "G. Handschumaker" as the respondent.  On April 23, 2012, Petitioner filed a motion to correct the name of Respondent. On May 2, 2012, the Court addressed Petitioner's motion and granted Petitioner leave to file a motion to amend the petition to name the proper respondent.  On May 16, 2012, Petitioner complied by filing a motion to amend.  However, Petitioner has again failed to name the proper respondent.

    The "People of the State of California" is not the proper respondent in this matter.  As previously stated, a petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.

California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). *Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.* Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (emphasis added); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). The Court will give Petitioner one more opportunity to cure this defect by amending the petition to name a proper respondent, *such as the warden of his facility*. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (emphasis added) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same). In the interests of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file another motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

**ORDER**

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent. Failure to amend the petition and state a proper respondent will result in dismissal for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **May 22, 2012**              /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE